IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARY J. CUMMINGS                                                                                          PLAINTIFF

VERSUS                                                             CIVIL ACTION NO. 1:06cv667WJG-JMR

UNION SECURITY INSURANCE COMPANY
and DEFENDANTS AAA, BBB, CCC                                                         DEFENDANTS

MEMORANDUM OPINION

THIS CAUSE is before the Court on motion [27-1]of Defendant Union Security Insurance Company [Union Security] to dismiss Plaintiff's state law claims including breach of contract, bad faith, malicious misrepresentation, and punitive damages.  The Court has duly considered the record in this action, in addition to the briefs of counsel, and being otherwise fully advised in the premises, concludes as follows.

Standard of Review

"A motion brought pursuant to FED.R.CIV.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  Pleadings are liberally construed, and all allegations in the pleadings are accepted as true, viewed in the light most favorable to the plaintiff.  *Great Plains*, 313 F.3d at 312-313.  "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same."  *Great Plains*, 313 F.3d at 313, n.8.

Statement of Facts

Mary J. Cummings filed suit to recover benefits under a group health insurance plan issued by Fortis Benefits Insurance Company, n/k/a Union Security. (Compl., p. 1.) She asserts that she was issued an insurance policy on September 1, 2003, by Union Security. (Ct. R., Doc. 26, p. 2.) After undergoing surgery on July 8, 2003, she filed a claim for coverage of the procedure. (*Id.*, p. 3.) The claim was denied and Cummings asserts that in doing so, Union Security violated its obligation under the Employment Retirement Income Security Act [ERISA], and its state law contractual obligations. (*Id.*) She contends that the act of denying her claim constitutes bad faith and should subject Union Security to liability for punitive damages. (*Id.*, p. 4.)

Union Security maintains that Cummings' state law claims against it for nonpayment of medical benefits are preempted under ERISA. (Ct. R., Doc. 28, p. 2.) Union Security seeks to have the state law claims, and claims for extra-contractual and punitive damages dismissed. (*Id.*) Union Security contends that because Cummings' claims are an attempt to recover benefits due under an ERISA regulated employee welfare benefit plan, the state law claims are preempted by ERISA. (*Id.*, p. 5.) Union Security asserts that the summary plan document notifies participants of their rights and should be used to determine the benefits payable under the plan. (*Id.*)

Discussion

Congress enacted ERISA to safeguard and protect the interests of employees and beneficiaries under benefit plans established and maintained by the respective employers. 29 U.S.C. §§1001, *et seq.* Congress intended that comprehensive regulatory coverage under ERISA would apply to "any employee benefit plan if it is established or maintained" by an employer

and/or employee organization.  29 U.S.C. §1003; *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir. 1990); *Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 490 (9th Cir. 1988), *cert. denied* 492 U.S. 906 (1989).  ERISA defines such employee welfare benefit plans as constituting:

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death . . .

29 U.S.C. §1002(l).

ERISA preempts any state law claims that relate to any employee benefit plan.  29 U.S.C. § 1144(a).  To determine if preemption should occur in this case, the Court must first determine that the policy constitutes an ERISA plan.  *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000).  If there is such a plan, the Court must ascertain whether ERISA preempts the state law claims.  *See Robin v. Metropolitan Life Ins. Co.*, 147 F.3d 440, 444 (5th Cir. 1998).

The determination of whether an ERISA plan exists is clearly a question of fact.  *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1451 (5th Cir. 1991); *Meredith v. Time Ins. Co.,* 980 F.2d 352, 353 (5th Cir. 1993).  In this case, Cummings has conceded in her amended complaint that the plan at issue in this lawsuit is an ERISA plan. (Ct. R., Doc. 26, p. 3.)

The amended complaint in this case contains the following state law claims:  breach of contract, malicious misrepresentation, and bad faith.  (*Id*., pp. 4-5.)  The scope of ERISA preemption applies to common law breach of contract actions as well as common law tort claims.  *See Metropolitan Life v. Taylor*, 481 U.S. 58, 67 (1987); *see Copling v. Container Store, Inc*., 174 F.3d 590 (5th Cir. 1999); *Nesom v. Brown & Root*, 987 F.2d 1188, 1191 (5th Cir. 1993) ("in

a civil action seeking determination of benefits under an ERISA plan, ERISA provides the exclusive remedy"). State law claims based on alleged improperly withheld plan benefits, breach of contract, and breach of insurance policy are preempted. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 58 (1987); *McNeil,* 205 F.3d at 191. Claims for intentional and negligent torts and strict liability are also preempted. *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 578 (5th Cir. 1992); *see Cypress Fairbanks Med. Ctr. Inc. v. Pan-American Life Ins. Co.*, 110 F.3d 280, 283 (5th Cir. 1997), *cert. denied* 522 U.S. 862.

The central preemption determination is whether the state law relied upon in the well-pleaded complaint "relates to" an employee benefit plan. *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292 (5th Cir. 1989). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 96-7 (1983).

Where state law claims of fraud and misrepresentation are based upon the failure of a covered plan to pay benefits, the state law claims have a nexus with the ERISA plan and its benefits system. *Id.* ERISA preempts state law claims for breach of contract, fraud or negligent misrepresentation which have the effect of orally modifying the express terms of an ERISA plan by providing to a plan participant who claims to have been misled benefits unavailable under the written plan or which are in addition to those provided by the written plan. *See Memorial,* 904 F.2d at 245; *Cefalu,* 871 F.2d at 1294-5; *Degan v. Ford Motor Co.,* 869 F.2d 889, 894 (5th Cir. 1989).

ERISA "supersede[s] any and all state laws insofar as they may now or hereafter related to any employee benefit plan." 29 U.S.C. 21 § 1144(a). This includes claims of bad faith denial

of insurance benefits. *Pilot Life,* 481 U.S. at 47; *McGowin v. Manpower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). The Court, therefore, finds that Plaintiff's state law claims should be dismissed. In addition, the Court finds that Plaintiff's claim for punitive damages should also be dismissed, because Congress expressly limited monetary relief under ERISA to those benefits due under the employee benefit plan. *Hancock v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302, 1306-7 (9th Cir.1986) (stating that punitive damages are not among the damages allowed under ERISA).

## Conclusion

Pursuant to the foregoing, the Court finds that Union Security's motion to dismiss [27-1] any of Plaintiff's state law claims should be granted. A separate order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear their respective costs associated with this motion.

THIS the 1st day of June, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
